McIlvaine, C. J.
The trust of a guardian expires at the date of his removal from office by the probate court, within the meaning of section 1, clause 4 of the act of March 1, 1872 (69 Ohio L. 55), which provides that a guardian shall, “ at the expiration of his trust, fully account for arid pay over to the proper person all of the estate of his ward remaining in his hands.” Over such accounting the probate court has exclusive jurisdiction. A right of action, at law, first accrues on the guardian’s bond to recover the amount remaining iu his hands when the amount is ascertained by the probate court on the settlement of the guardian’s final accouut. Newton v. Hammond, 88 Ohio St. 430.
This doctrine was laid down in a case where the amount in the hands of the guardian was first ascertained and de *90 termined by settlement in the probate court, and so applied, was undoubtedly correct, although it may be that an action at law may be maintained on the bond where the parties have agreed upon the amount, and no accounting is necessary to fix the exact amount of the recovery. Such action at law is not for an account, but for the recovery of money only, and either party thereto is entitled to a trial by jury.
An action, however, may be prosecuted in equity on the bond for an account, in case the jurisdiction of the probate court is ineffectual for that purpose. (Ibid.) But in such case the ground of equitable jurisdiction must be set forth in the petition ; otherwise it will be assumed that they do not exist, and the accounting will be left to the “ exclusive jurisdiction” of the probate court.
The case before us was undoubtedly brought for the purpose of compelling an accouut and for judgment on the sum so found to be in the hands of the former guardian; but no reason is shown why the accounting should not be had in the probate court. It is averred that the principal in the bond received moneys belonging to his ward which he converted to his own use; that he has neglected and refused to pay the same over to the plaintiff, who has been appointed his successor, though often requested so to do, and that he has failed to render any account as required by law. The probate court on its own motion or-upon complaint, by citation might, for aught that appears, have compelled an account, but no effort has been made to procure such settlement. The jurisdiction of that court has not been invoked, and no reason assigned for failing to do so.
For the reasons stated, we think the demurrer to the original petition should have been sustained, and that no error appears on the record for which the judgment of the court of common pleas should have been reversed by the district court.

Judgment of the district court reversed,, and that of the common fleas affirmed.